# U.S. District Court
# Western District of Missouri (Joplin)
# CIVIL DOCKET FOR CASE #: 3:16−cv−05138−MDH
## *Internal Use Only*

Hajny v. USA  
Assigned to: District Judge M. Douglas Harpool  
Referred to: Prisoner Pro Se  
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 12/15/2016  
Date Terminated: 05/05/2017  
Jury Demand: None  
Nature of Suit: 510 Prisoner: Vacate Sentence  
Jurisdiction: U.S. Government Defendant

**Movant**

**James Hajny**     represented by    **James Hajny**  
26846−045  
USP Tucson  
PO Box 24550  
Tucson, AZ 85734  
Email:  
PRO SE

**Respondent**

**USA**     represented by    **Ami Harshad Patel Miller**  
United States Attorney's Office−Spgfd  
901 St. Louis Street  
Suite 500  
Springfield, MO 65806−2511  
(417) 831−4406  
Fax: (417) 831−0078  
Email: ami.miller@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Bar Status: Active*

Email All Attorneys  
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/15/2016 | 1 | | MOTION to vacate, set aside or correct sentence (2255) filed by James Hajny. (Attachments: # 1 Exhibits, # 2 Affidavit)(Thoennes, Cindy) (Entered: 01/04/2017) |
| 01/06/2017 | 3 | | ORDER that the United States Attorney is directed to answer Movant's allegations and to SHOW CAUSE on or before February 6, 2017, why the relief Movant seeks should not be granted. Signed on 1/6/2017 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached. (Doty, Greg) (Entered: 01/06/2017) |
| 01/06/2017 | 4 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of change of address filed by James Hajny. Address is temporary and movant will notify the Court of his final address when he arrives. The current address is Grady County Transfer Center, 215 N 3rd St., Chickasha, OK 73018. Copy of docket sheet mailed to new address 1/9/17. (Thoennes, Cindy) (Entered: 01/09/2017) |
| 01/23/2017 | 6 | | NOTICE of change of address filed by James Hajny. New address is USP Tucson, PO Box 24550, Tucson, AZ 85734. Copy of docket sheet mailed to movant 2/1/17. (Thoennes, Cindy) (Entered: 02/01/2017) |
| 01/27/2017 | 5 | | NOTICE of appearance by Ami Harshad Patel Miller on behalf of USA (Attorney Ami Harshad Patel Miller added to party USA(pty:res))(Miller, Ami) (Entered: 01/27/2017) |
| 02/03/2017 | 7 | | MOTION for order re 3 Order to Show Cause, 1 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Ami Harshad Patel Miller on behalf of USA. Suggestions in opposition/response due by 2/17/2017 unless otherwise directed by the court. (Related document(s) 3 , 1 ) (Miller, Ami) (Entered: 02/03/2017) |
| 02/03/2017 | 8 | | ORDER that Respondent's motion for order (Doc. 7 ) is granted, in that: (1) counsel whose representation is challenged is directed to cooperate with the Government and to provide information, documents and/or an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by Movant; and (2) Respondent is granted an extension of time, up to and including March 6, 2017, in which to file a response. No futher extensions of time will be granted absent a clear demonstration of extraordinary circumstances. Signed on 2/3/2017 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Doty, Greg) (Entered: 02/03/2017) |
| 02/28/2017 | | | ***Remark: Copy of docket sheet mailed to movant upon request for status. (Thoennes, Cindy) (Entered: 02/28/2017) |
| 03/06/2017 | 9 | | SUGGESTIONS in opposition re 1 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Ami Harshad Patel Miller on behalf of Respondent USA. Reply suggestions due by 3/20/2017 unless otherwise directed by the court. (Attachments: # 1 Exhibit Government Exhibit 1, # 2 Exhibit Government Exhibit 2)(Related document(s) 1 ) (Miller, Ami) (Main Document 9 replaced on 3/6/2017) (Schroeppel, Kerry). (Entered: 03/06/2017) |
| 03/06/2017 | 10 | | ORDER that Movant file a reply, on or before April 5, 2017, to Respondent's response in opposition to Movant's motion under 28 U.S.C. § 2255 (Doc. 9 ), or this case may be dismissed without further notice. Signed on 3/6/2017 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached. (Doty, Greg) (Entered: 03/06/2017) |
| 03/06/2017 | | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 3/6/2017 as Document No. 9, Suggestions in Opposition. The document has been replaced; incorrect document was filed. This is a text entry only – no document is attached. (Schroeppel, Kerry) (Entered: 03/06/2017) |
| 03/16/2017 | | | ***Remark: Copy of docket sheet mailed to movant upon request for status. (Davies, Cindy) (Entered: 03/16/2017) |

| 03/17/2017 | 11 | | MOVANT'S MOTION for extension of time to file reply to Doc. 9 filed by James Hajny. (Davies, Cindy) (Entered: 03/23/2017) |
| --- | --- | --- | --- |
| 03/17/2017 | 12 | | MOVANT'S MOTION for documents filed by James Hajny. (Davies, Cindy) (Entered: 03/23/2017) |
| 03/23/2017 | 13 | | ORDER that: (1) Respondent file a response to Movant's motion for documents (Doc. 12 ) on or before April 6, 2017; and (2) Movant's motion for an extension of time (Doc. 11 ) is granted, in that Movant shall file a reply on or before May 5, 2017. No further extensions of time will be granted absent a clear demonstration of extraordinary circumstances. Failure to file a timely reply may result in dismissal of this action without further notice. Signed on 3/23/2017 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Doty, Greg) (Entered: 03/23/2017) |
| 04/06/2017 | 14 | | SUGGESTIONS in opposition re 12 MOTION for order filed by Ami Harshad Patel Miller on behalf of Respondent USA. Reply suggestions due by 4/20/2017 unless otherwise directed by the court. (Related document(s) 12 ) (Miller, Ami) (Entered: 04/06/2017) |
| 04/06/2017 | 15 | | ORDER that Movant's motion for documents (Doc. 12 ) is denied for the reasons set forth in Respondent's opposition thereto (Doc. 14 ) Signed on 4/6/2017 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Doty, Greg) (Entered: 04/06/2017) |
| 04/28/2017 | 16 | | MOVANT'S RESPONSE to Doc. 9 filed by James Hajny. (Attachment: # 1 Exhibits)(Davies, Cindy) (Entered: 05/05/2017) |
| 05/05/2017 | 17 | 5 | ORDER: ORDERED that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed. Signed on May 5, 2017 by District Judge M. Douglas Harpool. (Davies, Cindy) (Entered: 05/05/2017) |
| 05/05/2017 | 18 | 16 | CLERK'S JUDGMENT: ORDERED that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed. (Davies, Cindy) (Entered: 05/05/2017) |
| 05/15/2017 | | | ***Remark: Copy of docket sheet mailed to movant upon request for status. (Richard, Tracey) (Entered: 05/15/2017) |
| 05/15/2017 | 19 | | MOVANT'S MOTION for extension of time to file Notice of Appeal filed by James Hajny. (Davies, Cindy) (Entered: 06/09/2017) |
| 06/09/2017 | 20 | 17 | ORDER that Movant's motion for an extension of time (Doc. 19 ) is granted, in that Movant is granted an extension of time up to and including July 5, 2017, in which to file a notice of appeal. Pursuant to Fed. R. App. P. 4(a)(5)(C), no further extensions of time will be granted. Signed on 6/9/2016 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Doty, Greg) (Entered: 06/09/2017) |
| 06/12/2017 | 21 | 18 | MOVANT'S NOTICE OF APPEAL. Filed by James Hajny. (Richard, Tracey) (Entered: 06/13/2017) |
| 06/12/2017 | 22 | | IFP FINANCIAL AFFIDAVIT filed by James Hajny. (Attachment: # 1 Exhibit) (Richard, Tracey) (Entered: 06/13/2017) |

| 06/13/2017 | 23 | 20 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 21 Notice of Appeal. (Davies, Cindy) (Entered: 06/13/2017) |

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JAMES HAJNY, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 16-05138-CV-SW-MDH-P |
| vs. ) | Crim. No. 14-05022-01-CR-SW-MDH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOVANT'S MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE**

Movant, who is incarcerated at the USP Tucson in Tucson, Arizona, pursuant to a conviction and sentence entered in the above-cited criminal case, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed suggestions in opposition to Movant's motion. Doc. 9. Movant has filed a reply thereto. Doc. 16. Because this Court finds that the motion, files, and record conclusively show that Movant is not entitled to relief,[1] Movant's motion is denied, a certificate of appealability is denied, and this case is dismissed.

**Background**

On July 23, 2014, a superseding indictment was returned charging Movant and his wife, Gina Hajny, with sexual exploitation of a minor in Counts One and Four, receipt and distribution of child pornography in Count Two, and possession of child pornography in Count Three. Crim. Doc. 21.[2] On November 19, 2015, Movant filed a *pro se* motion to dismiss appointed counsel for numerous

---

[1] "A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation and internal quotation omitted).

[2] "Crim. Doc." refers to the docket number entries in Movant's criminal case, Case No 14-05022-CR-SW-MDH. "Doc." refers to the docket number entries in Movant's civil case, Case No 16-05138-CV-SW-MDH-P. Page number citations refer to the page numbers assigned by the CM/ECF electronic docketing system.

alleged failures. Crim. Doc. 58. On November 19, 2015, appointed counsel was withdrawn, and Movant was appointed another attorney, Brian Risley. Crim. Docs. 60, 61.

On March 1, 2016, Movant filed a letter with the Court, wherein he asked District Court Judge Brian C. Wimes to appoint new counsel because Mr. Risley's representation was not constitutionally adequate. Crim. Doc. 75. Movant later wrote to the Court that he had refused three separate visits with counsel. Crim. Doc. 80, p. 1. On March 29, 2016, a pre-trial conference was held before Magistrate Judge David P. Rush, where Movant presented arguments regarding his allegations of ineffective assistance of counsel. Crim. Doc. 82. Upon hearing from Movant and his counsel, Magistrate Judge Rush denied Movant's request to be appointed new counsel. *Id*.

On April 5, 2016, Magistrate Judge Rush held a status conference, at which time defense counsel announced that he intended to go to trial and would request a continuance. Crim. Doc. 84. Movant subsequently filed numerous *pro se* motions to appoint new counsel. Crim. Docs. 86, 89, 94, 96. At counsel's request, another status conference was held on June 8, 2016, before Magistrate Judge Rush to address Movant's continued requests to have new counsel appointed. Crim. Docs. 93, 98. Following the hearing, Magistrate Judge Rush found that counsel had not failed in any fashion and denied Movant's request for new counsel. Crim. Doc. 98.

On June 16, 2016, counsel filed a motion for a writ of habeas corpus *ad testificandum* for Gina Hajny, and the writ was granted and issued the same day. Crim. Docs. 99, 100. Gina Hajny previously had pleaded guilty to a superseding information charging her with one count of possession of child pornography, and she was sentenced to 60 months' imprisonment. Crim. Docs. 45, 78.

On June 21, 2016, Judge Wimes denied Movant's *pro se* motions requesting appointment of new counsel. Crim. Doc. 101. On June 27, 2016, Magistrate Judge Rush held a status conference regarding the Government's plea offer, where Movant rejected the plea offer and defense counsel advised that he had attempted to meet with Movant three times in the past ten days to prepare for trial but Movant had refused to meet with him. Crim. Doc. 105.

2

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 2 of 11
Appellate Case: 17-2311   Page: 6   Date Filed: 06/14/2017 Entry ID: 4547122

On July 12, 2016, this Court held a status conference to discuss pre-trial motions and issues regarding trial. Crim. Doc. 118. Movant orally moved for appointment of new counsel and this Court denied Movant's request based on Judge Wimes' previous denial. *Id*. On July 8, 2016, defense counsel filed a proposed exhibit list and proposed witness list for jury trial. Crim. Docs. 116, 117. Counsel also filed proposed *voir dire* and jury instructions in preparation for trial. Crim. Docs. 120, 123.

On July 15, 2016, Movant filed another *pro se* motion to dismiss counsel and have new counsel appointed. Crim. Doc. 122. On July 18, 2016, this Court held a final pre-trial conference to address Movant's motion, where Movant alleged that defense counsel had not subpoenaed David Harris, Lindsey Hayes, Officer Kent Shouse, Officer Brian Martin, or AFPD Michelle Law. Crim. Doc. 148, pp, 3-16. Movant claimed that Mr. Harris and Ms. Hayes would testify that Movant's children showed no psychological signs of abuse. *Id*. at 5. Movant claimed that Officer Shouse would testify that the other officers did not have a search warrant when they came to Movant's residence. *Id*. at 5-6. As to AFPD Law, Movant claimed she told him that his allegations that the photographs had been photo shopped were true. *Id*.at 7. Movant also renewed his complaints that his audio recorded interview was falsified and altered to sound like him and that a copy of the search warrant was not immediately provided to him. *Id*. at 9,-11.

In response to Movant's allegation that counsel failed to subpoena Mr. Harris and Ms. Hayes, defense counsel confirmed that he had interviewed Mr. Harris, attempted to interview Ms. Hayes, and spoke with other individuals involved in the State of Missouri Juvenile Court proceedings. *Id*. at 14-15. Counsel stated that, based upon his interviews and investigation, the information Mr. Harris and Ms. Hayes would provide was the "exact opposite" of what Movant wanted them to say, and in his opinion, he would not be acting in his client's best interest by calling either of the witnesses to testify. *Id*. Furthermore, those individuals were moving to have Movant's parental rights terminated that week. *Id*. at 14.

3

Counsel stated he had also interviewed Movant's prior counsel, AFPD Law, and also concluded that her testimony would not be beneficial to Movant. *Id*. at 15. Defense counsel also interviewed Officer Shouse, who stated that he was not standing at the door of the residence when contact was made with the Hajnys and that he did not know if the officers who made contact had the search warrant at the time. *Id*. Counsel stated he did have the witnesses endorsed but that he believed calling them to testify would be "detrimental to [Movant's] case and [he] would not be doing [Movant] a service to call them." *Id*. at 16. Counsel confirmed that he had subpoenaed Gina Hajny. *Id*. Counsel also had interviewed Movant's father-in-law, who did not have anything to say that would be helpful. *Id*. Counsel stated he had also spoken with Detective Martin, who was present for Movant's interview and who told defense counsel that he had listened to the audio recorded interview and it was consistent with his memory. *Id*. at 15-16. As to Movant's repeated request for counsel to file a motion to suppress, counsel stated that he had "absolutely no good faith basis to file a motion to suppress," and that is why he had not done so. *Id*. at 16.

This Court stated it would not dismiss counsel based upon the record made and proceeded with the jury trial. *Id*. at 16-18. After jury selection and opening statement, the Government called FBI Task Force Officer (TFO) Charles Root as their first witness. *Id*. at 18-47. Through TFO Root testimony, the Government introduced and admitted images of child pornography, as well as Movant's audio recorded interview conducted by TFO Root. *Id*. TFO Root was the only witness of the day, and the Court recessed for the evening after direct examination. *Id*. at 47.

On the second day of jury trial, Movant informed the Court of his desire to change his plea of not guilty to a plea of *nolo contendere*. Crim. Doc. 149, pp. 2, 5. At the change-of-plea hearing, the Court informed Movant of his constitutional rights, and Movant indicated that he wished to waive them and plead *nolo contendere* to all four counts of the superseding indictment. *Id*. at 2-15. This Court accepted the plea, finding that Movant entered into the plea knowingly and

4

voluntarily, after receiving full, competent, and capable services and advice of legal counsel. *Id.* at 18-19.

A Presentence Investigation Report (PSR) was issued on October 18, 2016, wherein Movant was ascribed a total offense level of 43, a criminal history category of I, and a guidelines imprisonment range of life. Crim. Doc. 137, pp. 13, 17. Movant appeared before this Court for sentencing on December 8, 2016, whereupon this Court considered the factors set forth in 18 U.S.C. § 3553(a), and sentenced Movant as follows: 30 years on Counts One and Four, 20 years on Counts Two and Three, all counts to run consecutive, for a total sentence of 100 years, to be followed by a life term of supervised release. Crim. Doc. 145; Crim. Doc. 146; Crim. Doc. 150, pp. 15-22.

Movant did not file a direct appeal of his conviction and sentence. Movant now seeks relief under 28 U.S.C. § 2255. Doc. 1.

**Standard**

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

**Discussion**

Movant raises eight grounds of ineffective assistance of counsel, wherein he claims that defense counsel was ineffective for (1) failing to move to suppress the audio interview containing Movant's confession on the grounds that it was an altered copy of the original ; (2) failing to challenge the search warrant; (3) failing to challenge the search of Movant's person and residence on

5

the grounds that TFO Root did not immediately show Movant the search warrant at the time of the search; (4) failing to investigate mitigating evidence, specifically to show that the photograph evidence was altered and that the child victims did not show signs of psychological trauma; (5) failing to subpoena witnesses on Movant's behalf, specifically Gina Hajny; (6) failing to advocate Movant's theory of the case and causing "irreconcilable difference;" (7) failing to subject the Government's case to meaningful adversarial testing; and (8) violating Movant's attorney-client privilege by speaking to Movant's then civil attorney regarding the Government's case and Movant's chances at trial. Doc. 1, pp. 5-19. Respondent argues that Movant's grounds for relief are without merit. Doc. 9.

To establish that counsel was ineffective, Movant must "show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Both prongs of this test must be established in order to be entitled to § 2255 relief; failure to establish either one of the prongs is fatal to a claim of ineffective assistance of counsel. *Id.* at 697. Each of Movant's claims of ineffective of assistance of counsel are without merit for the reasons set forth below.

### I. Ground 1 is without merit.

In Ground 1, Movant argues that defense counsel was ineffective for failing to move to suppress the audio interview containing Movant's confession on the grounds that it was an altered copy of the original. Doc. 1, pp. 5-7. Counsel is not ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile. *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) (citing *United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012). "[U]nless a criminal

6

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 6 of 11   June 13 2017 p10
Appellate Case: 17-2311   Page: 10   Date Filed: 06/14/2017 Entry ID: 4547122

defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Movant's claim lacks sufficient support and is refuted by the record. First, defense counsel did not render deficient performance because any motion to suppress the audio interview would have been futile. Although the audio interview was a copy of the original, Movant fails to establish that failure to preserve the original was performed in bad faith. Instead, TFO Root testified that it was normal procedure to download a digital copy of an audio recording from his digital recorder onto his computer and then transfer it onto a disk. Crim. Doc. 148, p 42. TFO Root authenticated the recording and testified that there were no alterations or deletions made to the recording and that the recording was a true and accurate reflection of the entirety of his interview he conducted with Movant inside his patrol vehicle on May 19, 2014. *Id*. at 42-43.). Conversely, Movant's allegation that a forensic expert could have analyzed the recording to show that it was altered is conclusory and unsupported in the record. Even if Movant had presented evidence suggesting that the recording was altered, due to TFO Root's testimony, such evidence would have attacked only the weight of the audio recording and not its admissibility. Therefore, defense counsel is not ineffective for failing to file a futile motion to suppress the audio interview.

Second, Movant fails to demonstrate how he was prejudiced. Even if Movant's confession was suppressed, as the factual basis sets out, the jury would have been presented with a wealth of inculpatory evidence: testimony from Movant's children and his niece; testimony from law enforcement regarding child pornography; images of child pornography located on Movant's Gmail account and imgsr.ru account; and testimony from a cooperator that he and Movant were trading images of child pornography. Crim. Doc. 132. Therefore, Movant fails to establish that there is a

7

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 7 of 11
Appellate Case: 17-2311   Page: 11   Date Filed: 06/14/2017 Entry ID: 4547122
June 13 2017 p11

reasonable probability that the outcome of his criminal proceedings would have been different had defense counsel moved to suppress the confession. Ground 1 is denied.

## II. Grounds 2 and 3 are without merit.

In Ground 2, Movant alleges that defense counsel was ineffective for failing to challenge the search warrant. Doc. 1, p. 9. In Ground 3, Movant argues that defense counsel failed to challenge the search of Movant's person and residence on the grounds that TFO Root did not immediately show Movant the search warrant at the time of the search. *Id*. at 12-13. Pursuant to Fed. R. Crim. P. 41(f)(1)(C), "[t]he officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property."

Movant's claim is unsupported and refuted by the record. First, defense counsel did not render deficient performance because any motion challenging the search warrant would have been futile. The Government presents an affidavit from defense counsel, wherein defense counsel indicates there was no credible evidence or argument in support of Movant's contention, as the testimony of the officers, as well as Movant's audio recorded interview, clearly indicated that Movant was provided a copy of the search warrant during the search. Doc. 9-2, pp. 2-5. Even if Movant was not presented with a copy of the warrant at the time of initial contact with the police, Movant fails to establish a violation of Fed. R. Crim. P. 41(f)(1)(C), because there is no absolute prescribed time set forth therein in which law enforcement was required to provide Movant a copy. Therefore, defense counsel is not ineffective for failing to file a futile motion challenging the police search.

Second, Movant fails to demonstrate how he was prejudiced. Even if Movant's confession was suppressed, for the reasons set forth in this Court's discussion of Ground 1, *supra*, the jury otherwise would have been presented with a wealth of inculpatory evidence. Consequently, Movant

8

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 8 of 11
Appellate Case: 17-2311   Page: 12   Date Filed: 06/14/2017 Entry ID: 4547122   June 13 2017 p12

fails to establish that there is a reasonable probability that the outcome of his criminal proceedings would have been different had defense counsel challenged the search warrant. Ground 2 is denied.

### III. Ground 4 is without merit.

In Ground 4, Movant argues that defense counsel was ineffective for failing to investigate "mitigating evidence," specifically to show that the photograph evidence was altered and that the child victims did not show signs of psychological trauma. Doc. 1, p. 15. Movant claims that defense counsel denied his request to have a forensic psychologist who specializes in child abuse review the case. *Id*. Where a defense counsel has investigated potential testimony, "[t]he decision not to call a witness is a virtually unchallengeable decision of trial strategy." *United States v. Staples*, 410 F.3d 484 (8th Cir. 2005) (internal quotation omitted). Moreover, to establish prejudice on a claim that defense counsel failed to investigate and present testimony, a movant must offer more than mere speculation as to the testimony that would have resulted had a proper investigation been conducted. *Sanders v. Trickey*, 875 F.2d 205, 2010 (8th Cir. 1989).

The record establishes that counsel did investigate the issues set forth in Ground 4 but that the investigation did not support Movant's theory. During the July 18, 2016, pre-trial conference, Movant alleged that two Children's Division workers, David Harris and Lindsey Hayes, would testify that his children showed no psychological signs of abuse. Crim. Doc. 148, p. 5. Counsel, however, stated that he talked to Mr. Harris and "other individuals down there involved with that case to gather information" and that the information he discovered was "the exact opposite" of what Movant claimed. *Id*. at 14-15. Instead, those individuals were moving to have Movant's parental rights terminated that week. *Id*. at 14. Similarly, Movant alleged that AFPD Law told him that the photographs had been photo shopped, but counsel stated, "I have talked to Michelle Law. She did not provide the same information he is stating." *Id*. at 7, 15.

Therefore, the record establishes that defense counsel made a reasonably strategic decision not to pursue and present at trial the allegations that Movant raises in Ground 4. Furthermore,

9

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 9 of 11 June 13 2017 p13
Appellate Case: 17-2311   Page: 13   Date Filed: 06/14/2017 Entry ID: 4547122

Movant fails to establish that he was prejudiced by the failures alleged in Ground 4. Instead, Movant rests on mere speculation as to the testimony that would have resulted had defense counsel performed additional investigation on the issue. As a result, Ground 4 is denied.

### IV. Ground 5 is without merit.

In Ground 5, Movant argues that defense counsel was ineffective for failing to subpoena witnesses on Movant's behalf, specifically Gina Hajny. Doc. 1, p. 16.

Movant's claim is refuted by the record. At the pre-trial conference, Movant alleged that his counsel had not subpoenaed David Harris, Lindsey Hayes, Officer Kent Shouse, Officer Brian Martin, and AFPD Michelle Law. Crim. Doc. 148, pp. 3-7. Defense counsel explained that he had interviewed the witnesses and chose not to subpoena the witnesses because it would be detrimental to Movant's case. *Id*. at 14-16. Contrary to Movant's allegation, defense counsel confirmed that he had subpoenaed Gina Hajny, and an administrative motion for writ of habeas corpus ad testifcandum for Gina Hajny was filed and granted. *Id*. at 16; Crim. Docs. 99, 100.

As a result, the record reflects that defense counsel did prepare for Gina Hajny to testify and that defense counsel's failure to subpoena the remaining witnesses was a strategic choice made after a thorough investigation. Furthermore, Movant fails to establish that he was prejudiced by the defense counsel's failure to subpoena the witnesses to testify. Instead, Movant rests on mere speculation as to the testimony that would have resulted had defense counsel called the witnesses listed above. As a result, Ground 5 is denied.

### V. Grounds 6, 7, and 8 are without merit.

In Ground 6, Movant argues that defense counsel was ineffective for failing to advocate Movant's theory of the case and causing "irreconcilable difference." Doc. 1, p. 17. In Ground 7, Movant argues that defense counsel failed to subject the Government's case to meaningful adversarial testing. *Id*. at 18. In Ground 8, Movant claims that defense counsel violated his attorney-client privilege by speaking to Movant's then civil attorney regarding the Government's

10

case and Movant's chances at trial. *Id*. at 19.

A set forth in this Court's discussion of Movant's other grounds for relief, Movant fails to establish that there is a reasonable probability that the outcome of his criminal proceedings would have been different had defense counsel not committed the alleged failures set forth therein. Movant presents no further allegations in Grounds 6 or 7 that establish that Movant was prejudiced by defense counsel's alleged failures. Instead, the record demonstrates that differences would have arisen with any attorney the court appointed for Movant. *See United States v. Smith*, 62 F.3d 1073, 1078 (8th Cir. 1995). Moreover, as to Ground 8, Movant fails to demonstrate how any alleged violation of his attorney-client privilege prejudiced the outcome of his criminal proceedings. As a result, Grounds 6, 7, and 8 are without merit.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

### Conclusion

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed.

It is so **ORDERED**.

/s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2017.

11

Case 3:16-cv-05138-MDH   Document 17   Filed 05/05/17   Page 11 of 11   June 13 2017 p15
Appellate Case: 17-2311   Page: 15   Date Filed: 06/14/2017 Entry ID: 4547122

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

___

### JUDGMENT IN A CIVIL CASE

James Hajny,

    Movant,

    v.                                 Case No. 16-05138-CV-SW-MDH-P
                                          Crim. No. 14-05022-01-CR-SW-MDH

United States of America,

    Respondent.

☐   **JURY VERDICT**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

■   **DECISION OF THE COURT**. This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED**: ORDERED that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed.

Entered on:   <u>May 5, 2017.</u>

                                                          PAIGE WYMORE-WYNN
                                                          CLERK OF COURT

                                                          <u>/s/ C. Davies</u>
                                                          (By) Deputy Clerk

```
MIME-Version:1.0
From:ecfMOW.notification@mow.uscourts.gov
To:cmecf_atynotifications@mow.uscourts.gov
Bcc:
--Case Participants: Ami Harshad Patel Miller (ami.miller@usdoj.gov,
brandy.severance@usdoj.gov, caseview.ecf@usdoj.gov), District Judge M. Douglas Harpool
(douglas_harpool@mow.uscourts.gov, jared_guemmer@mow.uscourts.gov,
kristen_roubal@mow.uscourts.gov, linda_howard@mow.uscourts.gov,
patricia_view@mow.uscourts.gov)
--Non Case Participants: Greg Doty (greg_doty@mow.uscourts.gov), Judge Harpool PPS Orders
(patricia_view@mow.uscourts.gov)
--No Notice Sent:

Message-Id:5809230@mow.uscourts.gov
Subject:Activity in Case 3:16-cv-05138-MDH Hajny v. USA Order on Motion for Extension of
Time
Content-Type: text/html
```

# U.S. District Court

# Western District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 6/9/2017 at 9:17 AM CDT and filed on 6/9/2017

| | |
|---|---|
| **Case Name:** | Hajny v. USA |
| **Case Number:** | 3:16–cv–05138–MDH |
| **Filer:** | |
| **WARNING: CASE CLOSED on 05/05/2017** | |
| **Document Number:** | 20(No document attached) |

**Docket Text:**
**ORDER that Movant's motion for an extension of time (Doc. [19]) is granted, in that Movant is granted an extension of time up to and including July 5, 2017, in which to file a notice of appeal. Pursuant to Fed. R. App. P. 4(a)(5)(C), no further extensions of time will be granted. Signed on 6/9/2016 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached.(Doty, Greg)**

**3:16–cv–05138–MDH Notice has been electronically mailed to:**

Ami Harshad Patel Miller    ami.miller@usdoj.gov, Brandy.Severance@usdoj.gov, CaseView.ECF@usdoj.gov

**3:16–cv–05138–MDH It is the filer's responsibility for noticing the following parties by other means:**

James Hajny
26846–045
USP Tucson
PO Box 24550
Tucson, AZ 85734

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
_southwest_ DIVISION

_James Hajny_,
Petitioner/Plaintiff/Movant,

vs.

Case No. _16-05138-CV-SW-MDH_

_United States_,
Respondent/Defendants.

## NOTICE OF APPEAL

Notice is hereby given that _James Hajny_, (Petitioner/Plaintiff/Movant) in the above named case, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the final Judgment entered in this action on the _5_ day of _May_ (month), _2017_ (year).

_James Hajny_
Signature
(Petitioner/Plaintiff/Movant)

Inmate Name: James Haig
Register Number: 26846-045
United States Penitentiary Tucson
Post Office Box 24550
Tucson, Arizona 85734

Legal Documents
To be Filed

Legal Mail

84106-260801

RECEIVED
2017 JUN 12 PM 2:07
CLERK U.S. DISTRICT COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

PHOENIX AZ 852
08 JUN 2017 PM 4 L

◇ 26846-045 ◇
U S District Court
400 E 9TH ST
Kansas City, MO 64106
United States

Attn: Ann Thompson
Clerk of Court

# Missouri Western District-KANSAS CITY

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

| **Caption:** | **Case No.:** | **ECF Acknowledgment** |
|---|---|---|
| **Hajny v. USA** | 16-05138-CV-SW-MDH-P | |

**Appellant:**

James Hajny

**Attorney(s):**

| |
|---|
| James Hajny   26846-045 |
| USP Tucson |
| PO Box 24550 |
| Tucson, AZ 85734 |

**Appellee:**

USA

**Attorney(s):**

| |
|---|
| Ami Harshad Patel Miller |
| United States Attorney's Office-Spgfd |
| 901 St. Louis Street, Suite 500 |
| Springfield, MO 65806-2511 |
| (417) 831-4406   Fax: (417) 831-0078 |
| Email: ami.miller@usdoj.gov |

**Court Reporter(s):**

| |
|---|
| N/A |

**Please return files and documents to**:            **Person to contact about the appeal:**

WDMO – Kansas City                Cindy Davies   (816) 512-5091

| **Length of Trial:** | **Fee:** | **IFP** | **Pending IFP mot.** |
|---|---|---|---|
| **N/A** | N | N | N |
| **Counsel:** | **Pending Motions** | **Local Interest** | **Simultaneous Release?** |
| Pro Se | NO | NO | NO |

**Criminal Cases/Prisoner Pro Se Cases only:**

**Is defendant incarcerated? No**                **Where?**

| |
|---|
| |

**Please list all other defendants in this case if there were multiple defendants**